OFFICIAL LOCAL FORM 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

Filing Date:  
Debtor: **Juan Manual Canal**  
SS#: **xxx-xx-3363**  
Address: **19 Longo Street Brockton, MA 02301**

Docket #:  
Co-Debtor: **Ana M Zea**  
SS#: **xxx-xx-3364**  
Address: **19 Longo Street Brockton, MA 02301**

Debtor's Counsel: **Donald J. Bertrand, Esquire 041780**  
Address: **1651 Blue Hill Avenue Mattapan, MA 02126**  
Telephone #: **(617) 298-3222**  
Facsimile #: **(617) 298-2135**

**ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.**

**PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.**

**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**SECOND AMENDED PRE-CONFIRMATION CHAPTER 13 PLAN**

CHAPTER 13 PLAN

Docket No.: **13-10597**

| DEBTOR(S): | (H) | **Juan Manual Canal** | SS# | **xxx-xx-3363** |
|---|---|---|---|---|
|  | (W) | **Ana M Zea** | SS# | **xxx-xx-3364** |

**I. PLAN PAYMENT AND TERM:**

Debtor's shall pay monthly to the Trustee the sum of $ **1031.00** for the term of:

☐ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☒ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(ii);

☐ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

_____;or

☐ **60** Months.  The Debtor states as reasons therefore:

_____

**II. SECURED CLAIMS**

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
|  |  | $ |

Total of secured claims to be paid through the Plan  $ **0.00**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Green Tree Mortgage** | **Monthly Post Petition Mortgage payment** |

C.  Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **Bank of America** | The second mortgage held by Bank of America and any/all successors and assigns,which is serviced by Bank of America is to be stripped as it is wholly unsecured by the debtor's principal residence. The market value of the property at the time of filing was $225,00. The First Mortgage held by Green Tree is in the amount of $265,000. The debtor has listed the second mortgage as an unsecured claim to be paid a dividend over the course of this Chapter 13 Plan in accordance with the treatment of unsecured claims in Section V of the plan. Upon the Debtor;s successful complete of the plan and the entry of the Order of Discharge, the second mortgage held by Bank of America and their successors and assigns (recorded at Suffolk Registry of Deeds in Book 22027 Page 245) will be discharged.<br><br>1. Creditor's claim shall be allowed as a non-priority general unsecured claim and shall be paid as such in accordance with the Debtors' Chapter 13 Plan.<br><br>2. The avoidance of Creditor's second lien is contingent upon the Debtors' completion of the Chapter 13 plan and the Debtors' receipt of a Chapter 13 discharge.<br><br>3. Creditor shall retain its lien for the full amount due under the subject loan should the subject property be sold or should a refinance take place prior to the Chapter 13 Plan completion and entry of a Discharge.<br><br>4. Creditor shall retain its lien for the full amount due under the subject loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtors' Chapter 13 case to any other Chapter under the United States Bankruptcy Code.<br><br>5. In the event that any entity, including the holder of the first lien on the Subject Property, forecloses on its security interest and extinguishes Creditor's lien prior to the Debtor's completion of the Chapter 13 Plan and receipt of a Chapter 13 discharge, Creditor's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the subject loan balance at the time of the sale. | |

D.  Leases:

    i.    The Debtor(s) intend(s) to reject the residential/personal property lease claims of
**-NONE-**

    ; or

  ii.  The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-** .

  iii.  The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Internal Revenue** | **2011 and 2012 Tax due** | **4,735.00** |

Total of Priority Claims to Be Paid Through the Plan  $ **4,735.00**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):  $ **0.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General.  The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **38.7**% of their claims.

A. General unsecured claims:  $ **49,797.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Bank of America Home Loans** | **Second Mortgage** | $ **64,800.00** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **Sallie Mae** | **Student Loan** | $ **19,000.00** |

Total of Unsecured Claims (A + B + C):  $ **131,597.00**

D. Multiply total by percentage:  $ **50,928.00**
(Example:  Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | | $ |

Total amount of separately classified claims payable at **0** %  $ **0.00**

**VI. OTHER PROVISIONS**

    A. Liquidation of assets to be used to fund plan:

    B. Miscellaneous provisions:

**VII. CALCULATION OF PLAN PAYMENT**

| | | |
|---|---|---|
| A) Secured claims (Section I-A Total): | $ | **00** |
| B) Priority claims (Section II-A&B Total): | $ | **4,735.00** |
| C) Administrative claims (Section III-A&B Total): | $ | **0.00** |
| D) Regular unsecured claims (Section IV-D Total):+ | $ | **50,928.00** |
| E) Separately classified unsecured claims: | $ | **0.00** |
| F) Total of a + b + c + d + e above: | =$ | **55,663.00** |
| G) Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | **61,848.00** |

(This represents the total amount to be paid into the Chapter 13 plan)

H. Divide (G), Cost of Plan, by Term of Plan,   **60** months
I. Round up to nearest dollar for Monthly Plan Payment:   $ **1031.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

**VIII. LIQUIDATION ANALYSIS**

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **19 Longo Street** **Brockton, MA 02301** | $ **225,000.00** | $ **262,000.00** |

| | |
|---|---|
| Total Net Equity for Real Property: | $ **0.00** |
| Less Exemptions (Schedule C): | $ **0.00** |
| Available Chapter 7: | $ **0.00** |

B. Automobile (Describe year, make and model):

| | | | | | | |
|---|---|---|---|---|---|---|
| **2011 Hyundai Tuscon** | Value $ | **14,410.00** | Lien $ | **23,037.00** | Exemption $ | **0.00** |
| **2009 VW CC** | Value $ | **13,800.00** | Lien $ | **21,146.00** | Exemption $ | **0.00** |

| | |
|---|---|
| Total Net Equity: | $ **0.00** |
| Less Exemptions (Schedule C): | $ **0.00** |
| Available Chapter 7: | $ **0.00** |

C. All other Assets (All remaining items on Schedule B):   (Itemize as necessary)

| |
|---|
| **Cash** |
| **Bank of America checking** |
| **Furniture** |
| **Clothes** |
| **Clothes** |
| **rings, earning, bracelet** |
| **ring** |
| **Digital camera** |

Total Net Value:            $ **4,950.00**
Less Exemptions (Schedule C):   $ **4,950.00**
Available Chapter 7:         $ **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:   $             **0.00**

E. Additional Comments regarding Liquidation Analysis:


## IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Donald J. Bertrand, Esquire**          **May 24, 2013**
**Donald J. Bertrand, Esquire 041780**               Date
Debtor's Attorney
Attorney's Address:   **1651 Blue Hill Avenue**
                      **Mattapan, MA 02126**
            Tel. #:    **(617) 298-3222 Fax:(617) 298-2135**
            Email Address:   **donald@alfordbertrand.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date  **May 24, 2013**         Signature   **/s/ Juan Manual Canal**
                                           **Juan Manual Canal**
                                           Debtor

Date  **May 24, 2013**         Signature   **/s/ Ana M Zea**
                                           **Ana M Zea**
                                           Joint Debtor